**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **COURTHOUSE NEWS SERVICE,** | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) ) |
| **VELVA L. PRICE, in her official capacity as Travis County District Clerk,** | ) ) )   Civil Action No. 1:20-cv-001260-LY ) |
| *Defendant*. | ) ) ) |

**PLAINTIFF COURTHOUSE NEWS SERVICE'S
OBJECTION AND RESPONSE TO REQUEST FOR JUDICIAL NOTICE**

COMES NOW Plaintiff Courthouse News Service ("Courthouse News"), by and through its undersigned attorneys, and files this *Objection and Response to Request for Judicial Notice* (set forth in *Defendant' Reply to Plaintiff's Response to Motion to Dismiss* at footnote 19) [Doc. 6] ("Reply"), and in support thereof would show the Court as follows:

### I.     JUDICIAL NOTICE SOUGHT BY DEFENDANT

1.     In footnote 19 of the Reply, Defendant states as follows:

Attached hereto as Exhibit 1 is the Unsworn Declaration of David Slayton, previously filed as Ex. F in *Courthouse News Service v. Loren Jackson, et al,* Civil Action No. 4:09-cv-01844, in the United States District Court for the Southern District of Texas – Houston Division.  <u>Defendant Price respectfully request the Court take judicial notice of this exhibit in this matter</u>.

Reply, at p. 8 n. 19 (emphasis added).  Thus, Defendant is requesting – in a reply brief – that judicial notice be taken of an unsworn declaration of a fact witness ("Slayton Declaration"), on the merits, that was filed in a separate lawsuit by a different defendant.

## II.  OBJECTION AND RESPONSE TO REQUEST FOR JUDICIAL NOTICE

2. A party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed.  Fed. R. Civ. P. 201.

3. Defendant objects to the request for judicial notice of the Slayton Declaration because it is not the proper subject of such notice under Fed. R. Civ. P. 201.  Indeed, the Slayton Declaration fails each and every required element of Rule 201 – it contains a multitude of factual assertions that are (1) subject to reasonable dispute, (2) not "generally known within the trial court's territorial jurisdiction," and (3) not "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Civ. P. 201(b).

4. <u>First</u>, the Slayton Declaration is chock full of assertions of fact that are not only irrelevant to the abstention ground for dismissal of this action, but are hotly disputed by Courthouse News.  In the Southern District of Texas action where the Slayton Declaration was recently filed, similar to the tactic used here, the Defendant filed the declaration as an attachment to a ***reply brief***, hoping to insulate review.  Courthouse News has objected to the Slayton Declaration in that action, and Judge Andrew S. Hanen has not yet ruled on its admissibility.  Courthouse News is seeking discovery in that case, including a deposition of Mr. Slayton to test the veracity of his statements.

5. Simply put, the Slayton Declaration is not limited to a "fact" that is subject to judicial notice, but contains a litany of disputed factual allegations that have not yet been subject to cross-examination.  The Fifth Circuit rejects even taking judicial notice of other courts' factual findings, much less disputed facts.  *See, e.g., Taylor v. Charter Medical Corp.*, 162 F.3d 827, 829 (5th Cir. 1998); *see also Castillo v. Cameron Cty.*, 238 F.3d 339, 346–47 nn. 13–14 (5th Cir. 2001) (recognizing judicial notice of an affidavit where assertions reflected demonstrable fact *under stipulation* by the parties); *United States v. Glass*, 744 F.2d 460, 461 (5th Cir. 1984) (rejecting

judicial notice of a contested affidavit where, among other things, the opposing party did not have "an opportunity to object and to cross examine [the witness] about its content").

6. <u>Second</u>, nothing relied upon by Defendant in the Slayton Declaration is "generally known" in this jurisdiction. Indeed, the bald assertion that Defendant cannot provide the level of access requested in this action due to a contract between Tyler Technologies, Inc. ("Tyler") and the Office of Court Administration ("OCA") is not only conclusory but hotly disputed and contrary to substantial evidence garnered by Courthouse News that a press review queue can be easily implemented at the District Clerk level at no charge. Indeed, the costs alleged by Defendant appear to be based on a groundless calculation of lost profits that would be caused by timely access that prevents Defendant and Tyler from exploiting the public record by charging for access. Courthouse News is entitled to challenge the veracity of Defendant's factual claims on the merits of its defenses in this case, and the apparent profit-oriented motivation behind them. Moreover, the assertion that the requested level of access would somehow expose the district and county clerks to liability is simply false.

7. <u>Third</u>, the Slayton Declaration is riddled with statements of alleged fact that cannot be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Mr. Slayton is the Administrative Director of OCA, not a governmental source whose factual assertions cannot be reasonably questioned. These include statements to the effect that any change in access could not be done at the District Clerk level but only at the state level, and only at substantial additional costs. Putting aside the fact that these statements go to the merits of whether the First Amendment requires more timely access, the accuracy of these statements can surely be questioned – indeed, Courthouse News has compiled substantial evidence to challenge

these statements. The time will come for that evidentiary contest but it is not here in the context of a reply brief where Defendant has tried to slip in a highly questionable set of assertions.

8.  The Court should not ignore the manner in which the Slayton Declaration is now being presented – as an attachment to a reply brief. This untimely and disputed declaration attempts to create the impression that merely assuming jurisdiction to hear Section 1983 and First Amendment claims would, inevitably, result in a federal audit or ongoing intrusion into state proceedings. This is simply not the case, as the Southern District of New York has made clear in granting similar relief: "As in *Planet*, this Court finds that the remedy sought by [Courthouse News] poses little risk of an ongoing federal audit or a major continuing intrusion of the equitable power of the federal courts into the daily conduct of state proceedings." *Courthouse News Service v. Tingling*, 2016 WL 8739010, at 18 (S.D.N.Y. Dec. 16, 2016).

9.  To the extent the Court decides to consider the Slayton Declaration in support of Defendant's Rule 12(b) motion to dismiss, in any form, Courthouse News requests an opportunity to submit its own evidence in opposition to the Slayton Declaration, which eminently deserves examination.

### III.   CONCLUSION

10.  The Court should decline to take judicial notice of an unsworn declaration, submitted in another lawsuit, that contains hotly disputed assertions of fact directed to the merits of the case, not the pending question of abstention, and which has not been subjected to cross-examination. Rule 201 does not permit the Court to take judicial notice of such a declaration. If, however, the Court considers the Slayton Declaration in any manner,

Courthouse News should be allowed to submit evidence in opposition to avoid prejudice.

Dated: March 23, 2021

                                                 Respectfully submitted,

                                                 **JACKSON WALKER L.L.P.**

                                               By: */s/ John K. Edwards*
                                                     John K. Edwards
                                                     Attorney-In-Charge
                                                     Texas Bar No. 24002040
                                                     1401 McKinney, Suite 1900
                                                     Houston, Texas 77010
                                                     Telephone: (713) 752-4200
                                                     Facsimile: (713) 752-4221
                                                     Email: jedwards@jw.com

OF COUNSEL:

Matt Dow
Texas Bar No. 06066500
100 Congress, Suite 1100
Austin, Texas 78701
Telephone: (512) 236-2000
Facsimile: (512) 236-2002
Email: mdow@jw.com

Charles L. Babcock
Texas Bar No. 01479500
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4226
Email: cbabcock@jw.com

                                               ATTORNEYS FOR PLAINTIFF
                                               COURTHOUSE NEWS SERVICE

## CERTIFICATE OF SERVICE

The undersigned counsel for Plaintiff Courthouse News Service certifies that on March 23, 2021, the foregoing *Plaintiff's Objection and Response to Request for Judicial Notice* was electronically filed and served via the CM/ECF system on the following attorneys for Defendant:

Anthony J. Nelson
Patrick T. Pope
Travis County Attorney's Office
P.O. Box 1748
Austin, Texas 78767

By: */s/ John K. Edwards*
John K. Edwards
Attorney-In-Charge